UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                           CASE NO. 8:08-CR-423-T-17MAP

MELISSA WILLIS.

_____/

ORDER

This cause is before the Court on the BOP's letter dated April 15, 2011, as well as the Motion for Clarification (Dkt. 231) and Motion for Ruling (Dkt. 232) filed pro se by Defendant Willis. The BOP's letter is attached to this Order.

On June 25, 2009, the Court sentenced Defendant Willis (Dkts. 186, 189) to 78 months of incarceration, with credit for time served to be calculated by the BOP, and 60 months of supervised release, after Defendant Willis entered a guilty plea (Dkt. 118) to Count I of the Indictment (Conspiracy to Possess with Intent to Distribute 50 grams or More of Methamphetamine). Counts 2 and 5 were dismissed.

On July 21, 2009, Defendant Willis was sentenced in Florida to a 4 year term of confinement for Aggravated Assault on a Law Enforcement Officer, Obstructing or Opposing an Officer, Fleeing to Elude at High Speed and Possession of Methamphetamine.

Defendant Willis is currently in state custody, and has submitted a request to the BOP for her federal sentence to run concurrent to her state sentence. The BOP may consider the request. See Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990).

Case No. 8:08-CR-423-T-17MAP

The BOP has offered the Court an opportunity to state the Court's position with respect to a retroactive designation. (Letter dated 4/15/2011 attached). If no response is received within 60 days, the Bureau will complete its review and make a decision. The BOP notes that, after the sentencing in Case No. 8:08-CR-423-T-17MAP, Defendant Willis was appropriately returned to state authorities in Florida and the U.S. District Court Judgment was filed as a detainer.

If the designation is granted, Defendant Willis' release date will be on or about May 30, 2014. If it is denied, Defendant Willis' sentence will not be calculated until she completes her state sentence and is released to the federal detainer.

Defendant Willis filed a <u>pro se</u> Motion to Clarify whether federal time is being counted while incarcerated in Florida Department of Corrections. (Dkt. 231). Defendant Willis says her state sentence of 48 months was ordered to be concurrent coterminous with her federal sentence in Case No. 8:08-CR-423-T-17MAP.

I. Discussion

The Bureau of Prisons has exclusive authority to determine whether a defendant should receive credit for time spent in custody before the commencement of a federal sentence. <u>See</u> <u>United States v. Williams</u>, 425 F.3d 987, 990 (11th Cir. 2005); <u>Galloway v. Fisher</u>, 2008 WL 4057803 (N.D. Fla. 2008). The district court may appropriately make recommendations to the Bureau of Prisons of the type requested by the Bureau's letter of

Case No. 8:08-CR-423-T-17MAP

4/15/2011.  See Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990); United States v. Pineyro, 112 F.3d 43, 45-46 (2d. Cir. 1997).

After consideration, the Court declines to make a recommendation to the Bureau of Prisons in response to the letter of 4/15/2011.  Because Defendant Willis has requested the Bureau of Prisons to make the determination, the Court denies Defendant's Motion for Clarification and Motion for Ruling as moot.  Accordingly, it is

**ORDERED** that no recommendation is made to the Bureau of Prisons concerning retroactive designation of the state facility for service of Defendant Willis' federal sentence.  The Court makes no determination when service of Defendant Willis' federal sentence began and what credit is due to Defendant Willis on that sentence.  The Motion for Clarification and Motion for Ruling are **denied** as moot.

**DONE AND ORDERED** in Chambers, in Tampa, Florida on this 2ND day of May, 2011.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:

Maria C. Lopez, AUSA
Angela B. Wright, Esq.

3

Case No. 8:08-CR-423-T-17MAP

Jose A. Santana, Chief
Designation and Service Computation Center
Federal Bureau of Prisons
U.S. Armed Forces Reserve Complex
346 Marine Forces Drive
Grand Prairie, Texas    75051

Melissa Willis



**U.S. Department of Justice**
Federal Bureau of Prisons

Designation and Sentence Computation Center

---

*U.S. Armed Forces Reserve Complex*
*346 Marine Forces Drive*
*Grand Prairie, Texas 75051*

April 15, 2011


RECEIVED
APR 22 2011

The Honorable Elizabeth A. Kovachevich
Judge of the U.S. District Court
  for the Middle District of Florida
Sam M. Gibbons United States Courthouse
801 North Florida Avenue
Tampa, Florida 33602

**RE: WILLIS, Melissa**
   Register Number: 50575-018
   Criminal Docket No.: 8:08-CR-423-T-17MAP

Dear Judge Kovachevich:

On June 25, 2009, Melissa Willis was sentenced by the Court to a 78 month term of confinement for Conspiracy to Possess with Intent to Distribute 50 Grams or More of Methamphetamine. At the time the federal sentence was imposed, Ms. Wills was under the primary jurisdiction of state authorities in Florida, and in federal custody pursuant to a Writ. The respective Judgment in a Criminal Case was silent regarding any relationship with the forthcoming action in the State of Florida. Following sentencing, Ms. Willis was appropriately returned to state authorities in Florida and the U.S. District Court Judgment was filed as a detainer.

On July 21, 2009, Ms. Willis was sentenced in Florida to a 4 year term of confinement for Aggravated Assault on a Law Enforcement Officer, Obstructing or Opposing an Officer, Fleeing to Elude at High Speed and Possession of Methamphetamine. Although Ms. Willis is currently in state custody, she has recently submitted a request to this office for her federal sentence to run concurrent to her state sentence. As a result of the decision in Barden v. Keohane, 921 F.2d 476 (3rd Cir. 1990), the Bureau of Prisons (Bureau) will consider an inmate's request for a retroactive (concurrent) designation.

The Bureau strives to administer sentences in accordance with federal statutes, Bureau policy, and the intent of the

sentencing court. It is the Bureau's preference that the federal sentencing court be given an opportunity to state its position with respect to a retroactive designation, which, while not binding, can be helpful in our determination to grant or deny the request. If, after 60 days, a response has not been received from the Court, the Bureau will complete its review and make a decision regarding this case.

Should the designation be granted, the Bureau will commence the sentence in the above judgment on the date of imposition, which will result in Ms. Willis' release from custody on or about May 30, 2014. However, should the Bureau deny the request, Ms. Willis' sentence will not be calculated until she completes her state sentence and is released to the federal detainer.

If the Bureau makes a decision, based on a review of all relevant 3621(b) factors, which is contrary to the Court's stated position, the Court will be notified accordingly.

Should additional information be necessary, please contact Luis A. Cabrera Jr., Operations Manager, at 972-352-4487.

Sincerely,

Jose A. Santana
Chief

arr
cc: Maria C. Lopez, AUSA
    David C. Tremmel, USPO